OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated October 3, 2008 containing 13 charges of professional misconduct. After a preliminary conference on June 29, 2009, at which the parties unsuccessfully attempted to reach a stipulation in order to narrow the issues, the matter was set down for a hearing. The hearing was held on July 9, 2009, July 10, 2009, July 13, 2009 and July 17, 2009.
At the close of the hearing, the Special Referee directed both parties to submit posthearing memoranda by a date certain. After extending that date, the Special Referee issued an order dated October 6, 2009, directing that, upon the respondent’s failure to submit a memorandum within 10 days, the proposed findings and conclusions of law submitted by the Grievance Committee dated October 1, 2009 would be deemed uncontroverted. Upon the respondent’s failure to submit a memorandum or to otherwise contact him, the Special Referee found the Grievance Committee’s proposed findings and conclusions of law to be uncontroverted, and sustained all of the 13 charges based on the Grievance Committee’s posthearing memorandum.
The Grievance Committee now moves to confirm the report of the Special Referee for the reasons set forth in its supporting affirmation and its proposed findings and conclusions of law, and to impose such discipline upon the respondent as this Court deems just and proper. The respondent has not submitted a cross motion or a reply to the Grievance Committee’s motion to confirm, and has not requested additional time in which to do so.
*303 Charge one alleges that the respondent engaged in conduct adversely reflecting on her fitness to practice law by converting funds and/or failing to safeguard funds entrusted to her as a fiduciary, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).
The respondent maintains an attorney escrow account at Bank of America. She received a deposit of $5,000 on or about August 2, 2006, on behalf of client Lacarrubba, which was returned uncollected on or about August 7, 2006. The respondent made a disbursement of $950 from her escrow account on or about September 29, 2006, payable to Lisa L. Cox, Esq. She also made the following disbursements from her escrow account on September 29, 2006: $100 payable to C, S, C, B & V, LLP, $377.46 payable to Carriage House Owners Corporation, $450 payable to Sherry & Sons, Inc., and $300 payable to Carriage House Owners Corporation.
At the time she made those disbursements, the respondent failed to insure that she had adequate funds on deposit relevant thereto. The respondent ultimately received a replacement check for $5,000 which she deposited on November 28, 2006.
Charge two alleges that the respondent engaged in conduct adversely reflecting on her fitness to practice law by converting funds and/or failing to safeguard funds entrusted to her as a fiduciary, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the facts set forth in charge one.
On October 20, 2006, the respondent’s attorney escrow account had a negative balance of $539.96.
Charge three alleges that the respondent engaged in conduct adversely reflecting on her fitness to practice law by converting funds and/or capturing a legal fee from funds entrusted to her as a fiduciary, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).
On or about August 1, 2006, the respondent received a deposit of $10,000 on behalf of her clients, the Forbes, relevant to the sale of real property. The respondent disbursed $7,962.50 by check payable to herself on or about August 17, 2006. She made a further disbursement of $3,057.50 payable to herself on or about January 29, 2007, of which $2,037.50 constituted legal fees relevant to the Forbes matter. At the time she made these disbursements, the respondent did not have the Forbes’ authorization to do so.
*304 Charge four alleges that the respondent failed to render an appropriate accounting of funds held in escrow, in violation of Code of Professional Responsibility DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3]).
The respondent represented Ronald, Lindy, and Ivor Forbes in the sale of real property. Ronald Forbes sent a letter, certified return receipt requested, in or about May 2007 requesting an accounting of funds being held in the respondent’s attorney escrow account. The respondent acknowledged receipt of the letter on or about June 9, 2007, but failed to provide the requested accounting.
Charge five alleges that the respondent engaged in conduct prejudicial to the administration of justice and/or adversely reflecting on her fitness as a lawyer by failing to cooperate with the lawful demands of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).
By letter dated June 17, 2007, the Grievance Committee advised the respondent that she was the subject of a sua sponte complaint based upon her failure bo file her biennial registration statement with the Office of Court Administration (hereinafter OCA). The letter directed the respondent to file an answer, within 10 days of her receipt of the letter, explaining her failure to reregister with OCA and demanded that the respondent submit proof of registration to the Grievance Committee within 60 days.
By letter dated June 17, 2007, the Grievance Committee advised the respondent that the complaint of Ronald Forbes was opened and requested that the respondent file an answer within 10 days. Both letters advised the respondent that an unexcused failure to submit an answer constituted professional misconduct independent of the merits of the complaint. The respondent failed to submit an answer to either complaint within 10 days.
The Grievance Committee then sent two certified letters to the respondent dated August 1, 2007, advising her that she failed to submit answers and directing her to do so within 10 days. By letter dated August 3, 2007, the respondent advised the Grievance Committee that her father had passed away and that she would respond to the complaints no later than late September 2007. By letter dated August 9, 2007, the Grievance Committee advised the respondent that her time to answer was extended until September 17, 2007. The Grievance Committee further directed the respondent to submit her complete file in *305 the Forbes matter and reminded her that failure to comply would result in the issuance of subpoenas. The respondent still failed to submit answers.
By facsimile dated September 18, 2007, the respondent advised the Grievance Committee that her son had been ill and that she would comply with the Grievance Committee’s requests by September 20, 2007. She failed to do so.
The respondent appeared before the Grievance Committee on October 11, 2007 to give sworn testimony regarding the sua sponte complaint and the Forbes complaint. At that time, she submitted an answer to the Forbes complaint.
Charge six alleges that the respondent engaged in conduct prejudicial to the administration of justice and/or adversely reflecting on her fitness as a lawyer by failing to cooperate with the lawful demands of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).
The respondent testified under oath that she was holding $2,000 in her attorney escrow account on behalf of client Forbes and that she had filed her biennial registration with OCA for the period 2007-2008. She agreed to provide proof of same within 30 days. Notwithstanding that agreement, the respondent failed to provide the requested proof or to request an extension of time in which to do so.
By letter dated November 26, 2007, the Grievance Committee requested that the respondent submit the requested proof within seven days and that she address the Forbes’ allegation that she had failed to provide an accounting of funds that were held and disbursed for the real estate transaction. The Grievance Committee reminded the respondent that failure to comply with the request would result in the issuance of subpoenas and would constitute grounds to seek her immediate suspension. The respondent still failed to comply.
By facsimile dated December 31, 2007, the respondent provided proof of her biennial registration and a document purporting to show a balance of $2,000 in her attorney escrow account on behalf of the Forbes clients. She failed to address any of the allegations of the Forbes reply.
Charge seven alleges that the respondent engaged in conduct prejudicial to the administration of justice and/or adversely reflecting on her fitness as a lawyer by failing to cooperate with the lawful demands of the Grievance Committee, in violation of *306 Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).
By letter dated January 28, 2008, the Grievance Committee acknowledged receipt of the respondent’s December 31, 2007 facsimile, directed her to address the Forbes’ allegation that she failed to account for funds held in escrow and requested copies of her escrow account records for the period August 1, 2006 through December 31, 2007. The Grievance Committee requested the respondent’s submission within 15 days and advised that her failure to comply would result in the issuance of subpoenas and constitute grounds for seeking her immediate suspension. The respondent still failed to reply.
Charge eight alleges that the respondent engaged in conduct prejudicial to the administration of justice and/or adversely reflecting on her fitness as a lawyer by failing to cooperate with the lawful demands of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).
The respondent was served with a judicial subpoena duces tecum, returnable April 1, 2008, directing production of bookkeeping records for her attorney escrow account for the period August 1, 2006 through December 31, 2007. The respondent failed to comply by the return date or to request an extension of time to produce the requested documents. On April 18, 2008, the respondent submitted an answer to the Forbes reply and produced partial bookkeeping records for her attorney escrow account.
Charge nine alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7] [charges nine and ten were later amended to correctly reflect Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])]).
On October 11, 2007, the respondent submitted an answer to the Forbes complaint which misled the Grievance Committee into believing that she had not received a legal fee in that matter. She testified under oath on October 11, 2007 that she had not received a legal fee for work performed on that matter from October 2007 through July 1, 2008. The respondent testified on July 1, 2008 that she had received a $10,000 legal fee in the Forbes matter which was disbursed from funds in her escrow account. The respondent testified that Lindy Forbes verbally authorized her to take her legal fees from escrow funds. The re *307 spondent did not have her client’s permission to take fees from escrow.
Charge ten alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by misrepresenting to the Grievance Committee that she did not receive a legal fee for her representation in the Forbes matter, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).
The respondent misled the Grievance Committee when she testified on October 11, 2007 that she was holding $2,000 in her attorney escrow account with respect to the Forbes matter. In response to the Grievance Committee’s request for proof, the respondent submitted a document purporting to show a balance of $2,000 on behalf of that matter. At that time, the respondent was not holding any funds on behalf of the Forbes matter. Her escrow account had a zero balance until she deposited the $2,000 cash unrelated to the Forbes matter.
Charge eleven alleges that the respondent engaged in an impermissible conflict of interest by acting as a real estate broker and lawyer in the same real estate transaction, in violation of Code of Professional Responsibility DR 5-101 (a) (22 NYCRR 1200.20 [a]).
The respondent entered into a legal retainer with the Forbes siblings on or about May 16, 2006. She entered into a brokerage commission agreement on August 17, 2006, wherein she was to receive five percent of the $465,000 selling price. The respondent received a real estate broker’s fee of $23,250 on or about August 17, 2006 and between August 2006 and January 2007, disbursed to herself $10,000 from her attorney escrow account that she was holding on behalf of the Forbes matter. The respondent represented the Forbes siblings at the closing.
Charge twelve alleges that the respondent engaged in conduct that adversely reflects on her fitness as a lawyer by failing to communicate with her client, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).
The respondent represented Ronald, Lindy, and Ivor Forbes in a transaction involving the sale of real property. In or about May 2007, Ronald Forbes sent the respondent a certified return receipt request letter seeking an accounting of funds held in her escrow account. Although the respondent acknowledged receipt of that letter on June 9, 2007, she failed to reply.
*308 Charge thirteen alleges that the respondent engaged in conduct that is prejudicial to the administration of justice by failing to timely reregister with OCA, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).
Judiciary Law § 468-a (5) provides that noncompliance with the attorney registration provisions constitutes conduct prejudicial to the administration of justice. The respondent failed to file her biennial registration statement for the 2007-2008 period until December 2007.
The Grievance Committee sustained its burden of proof with respect to all 13 charges by a preponderance of the credible evidence. Accordingly, the Grievance Committee’s motion to confirm the Special Referee’s report, which sustained all 13 charges as uncontroverted, is granted.
In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent’s disciplinary history consists of two letters of admonition. By letter dated March 31, 2003, the Grievance Committee admonished the respondent after finding that she directed her clients to execute a deed transferring their real property to her, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]), and had engaged in a conflict of interest by hiring her father as the property manager for her clients’ property, whereby he received a fee of $10,000, in violation of Code of Professional Responsibility DR 5-101 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.20 [a]; 1200.3 [a] [7]).
By letter dated December 8, 2006, the Grievance Committee admonished the respondent after finding that she paid a referral fee to another attorney for referring the complainant to her, in violation of Code of Professional Responsibility DR 2-103 (d) (22 NYCRR 1200.8 [d]), engaged in a conflict of interest by simultaneously representing her client and his codefendant in a matrimonial action, in violation of Code of Professional Responsibility DR 5-101 (a) (22 NYCRR 1200.20 [a]), and failed to file a notice of appearance which resulted in a default judgment against her client in a matrimonial action, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).
Notwithstanding extensive efforts made by the Special Referee during the proceeding to accommodate this respondent, including directing the Grievance Committee to provide her *309 with a free transcript, extending her time to file a posthearing memorandum of law and emphasizing the mitigating circumstances, the respondent failed to present any character evidence or submit a posthearing memorandum or any papers in response to the Grievance Committee’s motion. In view of the respondent’s apparent disregard for deadlines and the disciplinary process, effective immediately, she is disbarred.
Prudenti, P.J., Mastro, Rivera, Skelos and Fisher, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Lisa L. Cox, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Lisa L. Cox, shall continue to comply with this Court’s rules governing the conduct of disbarred, suspended and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, Lisa L. Cox is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Lisa L. Cox, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).